REGAN, Judge.
Plaintiff, Rudolph J. Spremich, the lessor of “one-quarter of the Moffett Hangar space” and the “Old Carpenter Shop”, located in the New Orleans Airport, instituted this suit against the lessee, Walter Williams, who conducts his business under the trade name of Aircraft Part & Supply, endeavoring to recover the sum of $1,507.50 less $325.25 paid on account thereof, representing the accrual of unpaid rent from October 1, 1952 through June, 1953, at the rate of $167.50 per month.
Defendant initially pleaded in response to the foregoing the exceptions of no right or cause of action and vagueness, which were overruled; he then answered admitting that on October 1, 1952, he entered into a written lease with the plaintiff for the “hangar space” and the “carpenter shop”, but denies that he is indebted to plaintiff in any sum whatsoever for the reason that the plaintiff failed to deliver to him possession of the hangar space and he has paid plaintiff in full ($325.25) for the rental of the “Old Carpenter Shop.”
From a judgment in favor of plaintiff as prayed for defendant has prosecuted this appeal.
The record reveals that the plaintiff and defendant entered into an oral agreement which was subsequently reduced to a written contract of lease on October 1, 1952, wherein it was agreed that the plaintiff would lease to the defendant “one-quarter of the Moffett Hangar space” and the “Old Carpenter Shop” in consideration of a monthly rental of $167.50. The lease, more pertinent to the issue raised herein, stipulated that the defendant would “permit * * * (plaintiff) R. J. Spremich to hangar one UC-78 Aircraft in the portion of the Moffett Hangar at no cost to him. I shall advise *847 him when he shall remove the other two UC-78 aircraft from said hangar. Until that time he may keep all three aircraft in said hangar at no cost to him.”
The evidence reflects that three airplanes, owned or possessed by the plaintiff, remained in the hangar from October 1, 1952 through June 18, 1953, and on the morning that the plaintiff instituted this suit he removed two of the airplanes from the hangar on the advice of counsel. The evidence further reveals that these planes occupied about one-half of the “one-quarter of the Moffett Hangar space.”
Plaintiff insists that the defendant never requested him to remove two of the aircraft from the hangar and that he continuously requested defendant to pay the rent as it became due.
Defendant, in opposition to this assertion, maintains that on several occasions beginning in November of 1952, he requested plaintiff to remove two of the planes from the hangar; that although plaintiff promised he neglected to cause their removal and, therefore, he is not entitled to recover rent for the hangar space since he failed to deliver absolute possession thereof to the defendant. To lend substance to this contention, defendant cites in support thereof Article 2692 of the LSA-Civil Code, which reads:
“The lessor is bound from the very nature of the contract, and without any clause to that effect:
“1. To deliver the thing leased to the lessee.
“2. To maintain the thing in a condition such as to serve for the use for which it is hired.
“3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease.”
The record reflects that only the plaintiff testified in support of his claim for unpaid rent. On behalf of the defendant two employees appeared in addition to himself, namely, Mrs. Mauryce Fulford, his secretary, who laboriously related that on or about March 27 or 28, 1953, she overheard defendant ask plaintiff when he intended to remove his aircraft and he responded that they would be removed from the hangar by the first of April, however, while she anxiously admitted overhearing the foregoing conversation, she was positive that she failed to hear plaintiff ask the defendant for the unpaid rent, although at that time more than five months of rent was due and unpaid; James H. Devenny, office manager, likewise tortiously related that he too heard defendant ask plaintiff (in the month of January, 1953) to remove two planes from the hangar space in order that he might acquire possession thereof. He conceded that while he knew defendant was delinquent in the rent, and was, at that time, financially unable to meet his obligations, he was equally positive that he had never overheard plaintiff ask defendant for the unpaid rent.
Defendant, through the medium of a deposition, testified that during the course of a conversation with the plaintiff, which occurred several days before the lease was signed, he was assured that plaintiff would remove the planes within two weeks from the commencement of the lease; subsequently, in November and December, 1952, he interrogated plaintiff relative to the removal of these planes. He finally asserted that on or about March 28, 1953, he requested possession of the premises and plaintiff agreed that he would remove the planes by April 1, 1953. Defendant then related in April, 1953, he gave the plaintiff a check for $325.25, which he considered to be the adequate amount of rent due for his occupancy of the “Old Carpenter Shop” and that since he had not received possession of the hangar space he, therefore, owed no rent for the use thereof. Incidentally this check was bad and funds to cover the amount thereof were not deposited until sometime in June of 1953.
The only question which the pleadings and the evidence poses for our consideration is one of fact and that is whether the defendant, in conformity with the stipulation contained in the lease, requested plaintiff *848 to remove two airplanes from the hangar space ? ■ . .
We have made a careful analysis of the record and we have found that the more credible evidence appearing therein was adduced on behalf of the plaintiff to the effect that the defendant never requested him to remove the planes from the hangar and, in addition thereto, there is an abundance of evidence to the effect that the reason the defendant failed to pay the rent as it accrued was because he was financially unable to meet his obligations as they matured.
The trial judge was obviously of this 'opinion in view of the fact that there was judgment in favor of plaintiff as prayed for.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.